UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CODY STEVER,

                        Plaintiff,

       - vs -                     5:20-cv-01467 (GTS/ATB)

CSX TRANSPORTATION, INC.,

                        Defendant.

## DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO EXCLUDE PLAINTIFF'S PROFFERED EXPERT, GEORGE GAVALLA

NIXON PEABODY LLP
Susan C. Roney (Bar roll: 103251)
Mark A. Molloy (Bar roll: 511268)
*Attorneys for Defendant*
40 Fountain Plaza, Suite 500
Buffalo, New York 14202
Telephone: (716) 853-8100
Fax: (716) 853-8109
E-mail:  sroney@nixonpeabody.com

4858-9956-1528.2

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ............................................................................................. i

TABLE OF AUTHORITIES ...................................................................................... ii

INTRODUCTION .......................................................................................................1

ARGUMENT ...............................................................................................................1

    Plaintiff Concedes That Opinion Testimony As To Whether CSXT
    Violated The FRSA Is Not Admissible ................................................................1

    Plaintiff's Expert Cannot Opine As To Matters Not Addressed
    In His Report ........................................................................................................2

    Absent The Inadmissible Testimony, Mr. Gavalla's Remaining Proferred
    Testimony Does Not Require Expert Proof And Is Based On Stale
    Experience ...........................................................................................................3

    Mr. Gavalla's Testimony Is Not, As Plaintiff Contends, Relevant To
    Whether Plaintiff Is Entitled To Punitive Damages ............................................6

CONCLUSION ............................................................................................................7

4858-9956-1528.2

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Barati v. Metro-North R.R. Commuter R.R. Co.*,
   939 F. Supp.2d 143 (D. Conn. 2013) ................................................................................4

*Boucher v. U.S. Suzuki Motor Corp.*,
   73 F.3d 18 (2d Cir. 1996) ...................................................................................................6

*Daubert v. Merrill Dow Pharms., Inc*,
   509 U.S. 579 (1993) ...........................................................................................................4

*Federal Aviation Administration v. Landy*,
   705 F.2d 624 (2d Cir. 1983) ...............................................................................................5

*Frost v. BNSF Ry. Co.*,
   218 F. Supp.3d 1122 (D. Mont., 2016) ..............................................................................5

*Krys v. Aaron*,
   112 F. Supp. 3d 181 (D.N.J. 2015) ....................................................................................2

*Marx & Co., Inc. v. Diners' Club, Inc.*,
   550 F.2d 505 (2d Cir. 1977) ...............................................................................................5

*U.S. Bank Nat'l Ass'n v. PHL Variable Life Ins. Co.*,
   112 F. Supp. 3d 122 (S.D.N.Y. 2015) ...............................................................................2

*United States v. Bilzerian*,
   926 F.2d 1285 (2d Cir. 1991) .........................................................................................5, 6

*United States v. Castillo*,
   924 F.2d 1227 (2d Cir. 1991) .............................................................................................3

*United States v. Duncan*,
   42 F.3d 97 (2d Cir. 1994) ...................................................................................................5

*United States v. Lumpkin*,
   192 F.3d 280 (2d Cir. 1999) ...............................................................................................5

*United States v. Scop*,
   846 F.2d 135 (2d Cir. 1988) .........................................................................................5, 6

*Whitt v. Union PC. R.R. Co.*,
   2014 WL 3943135 (D. Neb. Aug. 12, 2014) ..................................................................4, 5


## Other Authorities

Federal Rule of Civil Procedure 26 .................................................................................................2

Fed. R. Civ. Pro. 26(2)(B)(i)..............................................................................................................2

Federal Rule of Evidence 702......................................................................................................3, 6

Fed. R. Civ. Pro. Rule 37(c)(1)........................................................................................................2

# INTRODUCTION

CSXT submits this Reply Memorandum of Law in further support of its' motion to exclude plaintiff's expert, George Gavalla, and in response to Plaintiff's opposition to same. Nothing in plaintiff's opposing papers provide a basis to allow Mr. Gavalla to testify or otherwise offer his opinions.

# ARGUMENT

**Plaintiff Concedes That Opinion Testimony As To Whether CSXT Violated The FRSA Is Not Admissible**

Mr. Gavalla's ("Gavalla") proffered opinions relative to CSXT and Mr. Stever were set forth in section 6.2 of his November 8, 2021 report ("Evaluating CSXT's Disciplinary Actions Against RCO Stever").[1] CSXT established in its moving papers that testimony by Gavalla as to whether CSXT violated the FRSA is inadmissible. *See* Dkt. 36-4 (CSXT Memorandum of Law ("Meml.") p. 13 [heading C]). Plaintiff concedes that while Mr. Gavalla intended to opine on this issue, such opinions are inadmissible and will not be offered. *See* Dkt. 39 (Plaintiff's Opposition Memorandum of Law ("Opp."), p. 5).

---

[1] The sections of Gavalla's report are:
    1.0 Scope of Opinion (one paragraph overview)
    2.0 Statement of Qualifications
    3.0 Fee Schedule
    4.0 Statement of Facts (9 pages)
    5.0 Information Reviewed
    6.0 Findings and Opinions
        6.1 Effects of Underreporting of Accidents and Injuries (9 pages)
        6.2 Evaluating CSXT's Disciplinary Actions Against RCO Stever (withdrawn)
    7.0 Prior Testimony
    8.0 Signature

**Plaintiff's Expert Cannot Opine As To Matters Not Addressed in his Report**

In opposing CSXT's motion to exclude, Plaintiff now asserts that "Gavalla will also testify about whether Mr. Stever violated the applicable safety regulations." (Dkt. 39, p. 5). This too is inadmissible for a number of reasons. First, Mr. Gavalla was admittedly not retained to opine on that subject and, more importantly, does not address it in his report. *See* Dkt 36-2 (Gavalla Report) at p. 1 (outlining the areas on which Gavalla was "asked to offer opinions" that does not include any opinion on this subject). To allow Mr. Gavalla to offer such an opinion without having included it in his report is expressly prohibited by Federal Rule of Civil Procedure 26 that requires that an expert disclosure "be accompanied by a written report" that "**must contain . . .a complete statement of all opinions** the witness will express and the basis and reasons for them". Fed. R. Civ. Pro. 26(2)(B)(i) (emphasis supplied). "It is well-settled that expert testimony exceeding the bounds of the expert's report is excludable pursuant to Rule 37(c)(1)." *U.S. Bank Nat'l Ass'n v. PHL Variable Life Ins. Co.*, 112 F. Supp. 3d 122, 132 (S.D.N.Y. 2015) (precluding expert testimony on matters not included in report). "Though an expert is not strictly limited to the precise words contained within the expert report, it is axiomatic that an expert may not present new opinions on topics not timely included or otherwise disclosed in the expert's report." *Krys v. Aaron*, 112 F. Supp. 3d 181, 207 (D.N.J. 2015) (same).

Additionally, Mr. Gavalla does not identify what "safety regulations" he is referencing or what they provide, rendering any such opinions without foundation. Further, Mr. Gavalla has no demonstrated knowledge or expertise as to CSXT's safety regulations and whether Mr. Stever violated them. Indeed, he issued his report before depositions were taken, further rendering his opinions without foundation. (Dkt. 363, Gavalla Dep. P. 94:20-95:22).

**Absent the Inadmissible Testimony, Mr. Gavalla's Remaining Proffered Testimony Does Not Require Expert Proof and Is Based on Stale Experience.**

Absent such inadmissible opinions, Mr. Gavalla offers no testimony, as required by Federal Rule of Evidence 702 and caselaw, that would be "helpful" to the Court and jury in adjudicating the issues in this case. *See* Dkt. 36-4, pp. 2-3. Thus, he should be excluded.

The remainder of Mr. Gavalla's report (other than the withdrawn section 6.2) consists largely of a factual narrative that simply rehashes the factual record – with the added exclamation point provided by an "expert" – and does not meet the requirements of the Federal Rules. *See* Dkt. 36-4, pp. 4-8.

Fully 18 pages of Mr. Gavalla's 27 page report are mere recitals of the facts and characterizations of statutory provisions that are improper for expert testimony (Dkt. 36-4, p. 8-12) and are in the nature of a "tutorial" on railroad practices in general and not specifically related to CSXT or Mr. Stever (Dkt. 36-4, p. 11-12). Recitation of the factual record does not require expert testimony, and in any event, is within the ken of the jury to assess and comprehend. "Expert testimony is properly excludable, however, where persons of common understanding are [] capable of comprehending the primary facts and of drawing correct conclusions from them." *United States v. Castillo*, 924 F.2d 1227, 1232 (2d Cir. 1991) (internal quotation marks omitted). Dkt. 36-4, p. 7-8.

Mr. Gavalla's intent to provide a tutorial on the FRSA anti-retaliation provisions is likewise inadmissible. First, testimony based on his decades-old experience with the FRA should be deemed inadmissible. Mr. Gavalla's proffered testimony is entirely based on his stale experience with the FRA, where he last worked in 2004 (Dkt. 36-4, p. 1). The admissibility of expert testimony in any case is based on the facts of that case, the expertise of the expert *vis a vis* those facts, and whether the proferred testimony is helpful. An expert may be qualified in one

3

case or on one subject matter but when he/she strays into other territory or when he/she offers testimony that is within the realm of the jury to comprehend absent expert testimony, that testimony should be excluded as part of the Court's gatekeeper role. *Daubert v. Merrill Dow Pharms., Inc,* 509 U.S. 579 (1993).

Plaintiff cites two cases[2] that he characterizes as "like this one/virtually identical scenario," to support his contention that Mr. Gavalla's testimony is "relevant and admissible here." Dkt. 39, p. 7-8.  This contention is misleading at best as in both cases, the trial court substantially limited Mr. Gavalla's testimony and excluded opinions such as he seeks to offer here.  In *Barati*, an FRSA retaliation case arising out of a 2008 event, the court expressly and narrowly limited "Mr. Gavalla's permissible testimony to his experience and knowledge as the head of the Federal Rail Administration ('FRA')" Office of Safety for seven years." *Barati*, 939 F. Supp.2d  at 147.  Mr. Gavalla's tenure at the FRA ended in 2004 (Dkt. 36-2, p. 35), some 18 years ago.[3]  In *Barati*, Mr. Gavalla "was not permitted to testify about the specifics of any particular railroad's safety methodologies" but rather, "only what he, in his capacity as the head of FRA's Office of Safety, identified as the rules and safety regulations that railroads were required to implement." *Id*.  Gavalla's stale experience ending in 2004 cannot serve as the basis for opinion testimony in 2023.

Plaintiff's reliance on *Whitt* is also misplaced.  The court in *Whitt* limited Mr. Gavalla's testimony in the same manner as the *Barati* court and further held that "the Court will not permit Mr. Gavalla to testify that certain behaviors violated [the FRSA]", nor did it allow Mr. Gavalla

---

[2] Plaintiff cites *Barati v. Metro-North R.R. Commuter R.R. Co.,* 939 F. Supp.2d 143 (D. Conn. 2013) and *Whitt v. Union PC. R.R. Co*., 2014 WL 3943135 (D. Neb. Aug. 12, 2014)

[3] Plaintiff's opposing papers are conspicuously silent on this fact.

4

4858-9956-1528.2

to testify as to the meaning of the FRSA, correctly concluding that such testimony "is not proper subject for expert testimony." *Id.* at \*9.  The court also excluded testimony by Mr. Gavalla that was speculative and did not require an expert, citing the well-established tenet that matters that are within the knowledge or experience of lay people (such as whether the railroad complied with its policies) need no expert.  *Id.; see also Frost v. BNSF Ry. Co.*, 218 F. Supp.3d 1122, 1132 (D. Mont., 2016) (citing *Whitt*).

Even if Plaintiff could overcome these impediments (he cannot), Mr. Gavalla should be excluded and his testimony deemed inadmissible because it would invade the province of the Court and jury.  Expert testimony is not permitted if it will "usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it." *United States v. Lumpkin*, 192 F.3d 280, 289 (2d Cir. 1999).  *See also United States v. Duncan,* 42 F.3d 97, 101 (2d Cir. 1994).  An expert witness may not "invade the province of the court to determine the applicable law and to instruct the jury as to that law." *United States v. Scop*, 846 F.2d 135, 140 (2d Cir. 1988) (internal quotation omitted). It is not for witnesses to instruct the jury as to applicable principles of law, but for the judge.  *Id*.  *See also United States v. Bilzerian*, 926 F.2d 1285, 1295 (2d Cir. 1991) (expert [\*6]  testimony explaining how term is generally understood in the securities industry properly excluded); *Federal Aviation Administration v. Landy*, 705 F.2d 624, 632 (2d Cir. 1983) (questions soliciting former FAA employee's understanding of the meaning and applicability of administrative regulations would invade the province of the court); *Marx & Co., Inc. v. Diners' Club, Inc.*, 550 F.2d 505, 510-11 (2d Cir. 1977) (holding that an expert's legal opinion on the meaning of certain contract terms was, *inter alia*, an invasion of the court's authority to instruct the jury on the applicable law.  *Bilzerian*, 926 F.2d at 1294.  Testimony about industry

5

practice may not be used to circumvent the prohibition on testimony that encompasses an ultimate legal conclusion. *Id.*

**Mr. Gavalla's Testimony Is Not, As Plaintiff Contends, Relevant to Whether Plaintiff is entitled to Punitive Damages**

Plaintiff contends that "Gavalla's testimony about railroad safety regulations and the consequences of railroads violating them is [] relevant to Plaintiff's claims for punitive damages," citing *Whitt*. Dkt. 39, p. 8. Plaintiff acknowledges that "the reprehensibility of a defendant's conduct is a key component" in assessing punitive damages. *Id.* Yet, Mr. Gavalla paints with too broad a brush. His proffered testimony does not address CSXT's alleged "reprehensible conduct" *vis a vis* Mr. Stever, but rather addresses a purported industry-wide practice (and again, based on decades old experience) and employs a guilt by association approach. For that reason alone, it is inadmissible. Mr. Gavalla admittedly did not review the depositions in this case (Dkt. 36-3, Gavalla Dep., p. 94:20-95:22) and cites to no evidence of "reprehensibility" on CSXT's part. When an expert's opinion is "not accompanied by a sufficient factual foundation . . . it [is] inadmissible under Federal Rule of Evidence 702," and a court abuses its discretion if it allows an expert to testify based on "unrealistic and speculative assumptions." *Boucher v. U.S. Suzuki Motor Corp.*, 73 F.3d 18, 22 (2d Cir. 1996) (quoting *In re Air Crash Disaster at New Orleans*, 795 F.2d 1230, 1233 (5th Cir. 1986)).

In any event, a jury is fully capable of determining whether conduct is reprehensible without the need for an expert to tell them it is, which also invades the province of the jury. Where, as here, Mr. Gavalla offers no foundation for an opinion as to whether CSXT acted "reprehensibly" and offers nothing more than alleged industry-wide practices, he should be excluded. *See Scop*, 846 F.2d at 140 (expert testimony that defendants were "active participants"

6

in "scheme to defraud" amounted to application of law to facts that improperly usurped jury's role).

## **CONCLUSION**

For all of these reasons stated herein and in CSXT's moving papers, Plaintiff's expert George Gavalla, should be excluded. Both his testimony and reports should be excluded at trial, and should not be considered as admissible evidence in opposition to Defendant's motion for summary judgment.

DATED:   Buffalo, New York
         October 14, 2022

                              NIXON PEABODY LLP

                              By:   *s/ Susan C. Roney*
                              Susan C. Roney, Esq. (Bar roll: 103251)
                              Mark Molloy, Esq.  (Bar roll: 511268)
                              *Attorneys for Defendant*
                              40 Fountain Plaza, Suite 500
                              Buffalo, New York 14202
                              Telephone: (716) 853-8100
                              Fax: (716) 853-8109
                              E-mail:  sroney@nixonpeabody.com
                                       mmolloy@nixonpeabody.com

7

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CODY STEVER,<br><br>                                   Plaintiff,<br><br>                - vs -<br><br>CSX TRANSPORTATION, INC.,<br><br>                                   Defendant. | **CERTIFICATE OF SERVICE**<br><br>Civil Action No.:<br><br>5:20-cv-01467 (GTS/ATB) |

   I hereby certify that on the 14th day of October, 2022, I electronically filed the foregoing Reply Memorandum of Law with the Clerk of the District using the CM/ECF system, which sent notification of such filing to the following:

| | |
|---|---|
| BAILEY, JOHNSON & PECK, P.C.<br>John W. Bailey, Esq.<br>5 Pine West Plaza, Suite 507<br>Washington Avenue Extension<br>Albany, New York 12205<br>Tel: (518) 456-0082<br>E-mail: jwbailey@baileyjohnson.com<br><br>*Attorneys for Plaintiff* | CASEY JONES LAW, LLC<br>Nicholas D. Thompson, Esq.<br>3520 Cherryvale Avenue<br>Suite 83<br>Appleton, WI 54913<br>Tel: (757) 477-0991<br>E-mail: nthompson@caseyjones.law<br><br>*Attorneys for Plaintiff* |

DATED:  October 14, 2022
      Buffalo, New York

              NIXON PEABODY LLP

              By:  *s/ Susan C. Roney*
                 Susan C. Roney (Bar Roll: 103251)
                 Mark A. Molloy, Esq. (Bar Roll: 511268)
              *Attorneys for Defendant CSX Transportation, Inc.*
              40 Fountain Plaza, Suite 500
              Buffalo, New York 14202
              Telephone: (716) 853-8100
              E-mail:  sroney@nixonpeabody.com
                   mmolloy@nixonpeabody.com

1